IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,                   )
                                        )
                        Appellee,       )        2 CA-CR 2007-0157
                                        )        DEPARTMENT B
                v.                      )
                                        )        O P I N I O N
WILLIAM HALEY FLYTHE, JR.,              )
                                        )
                        Appellant.      )
                                        )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20062255

Honorable Hector E. Campoy, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Kathryn A. Damstra                          Tucson
                                                         Attorneys for Appellee

Wanda K. Day                                                         Tucson
                                                         Attorney for Appellant

E C K E R S T R O M, Presiding Judge.

**¶1**        Following a jury trial, appellant William Flythe was found guilty of transportation of marijuana for sale and was sentenced to three years' imprisonment. On appeal, he argues the trial court erred in denying his motion to sever his trial from that of his codefendant, Sterling Moore. We affirm.

**Factual and Procedural Background**

**¶2**        We view the facts in the light most favorable to upholding the jury's verdict. *State v. Tamplin*, 195 Ariz. 246, ¶ 2, 986 P.2d 914, 914 (App. 1999).  In June 2006, Flythe drove a tractor-trailer to a freight distribution center in Tucson.  Moore accompanied Flythe as his co-driver.  As the freight handlers loaded the trailer, they discovered marijuana in one of two boxes already inside it and alerted police to the presence of the contraband.  During a conversation with a security guard, Flythe referred to the boxes containing marijuana as "my boxes."  An indictment charged Flythe and Moore each with a single count of transporting marijuana for sale, and a joint trial was scheduled.

**¶3**        Both Flythe and Moore moved for separate trials.  The trial court denied the motions following a hearing.  When Moore failed to appear at trial, Moore's counsel again moved to sever the trial, and the court again denied the motion.  Moore renewed his motion at the close of the state's evidence, and the court denied the motion yet again.  Flythe did not join in Moore's motions or renew his own motion after the trial began.  The jury found both men guilty.

**Discussion**

**¶4**        Flythe now argues the trial court erred in denying his severance motion.  The state responds that Flythe has waived this argument on appeal.  For the reasons set forth below, we agree. *See State v. Martinez*, 210 Ariz. 578, n.2, 115 P.3d 618, 620 n.2 (2005) (when issue not properly preserved below, defendants "forfeit the right to obtain appellate relief unless they prove that fundamental error occurred").  Flythe has not asserted that the

2

trial court's refusal to grant a severance constitutes fundamental error. *See State v. Smith*, 184 Ariz. 456, 460, 910 P.2d 1, 5 (1996) (appellate court not obligated to search record for fundamental error).

¶5        Rule 13.4(c), Ariz. R. Crim. P., provides that a defendant's motion to sever defendants must be made at least twenty days prior to trial and, "if denied, renewed during trial at or before the close of the evidence." Severance is waived if a proper motion is not timely made and renewed. *Id.* When possible, joint trials are preferred so as to conserve judicial resources. *State v. Murray*, 184 Ariz. 9, 25, 906 P.2d 542, 558 (1995). The requirement that severance motions be renewed during trial prevents defendants from "playing 'fast and loose' with the trial court" and allows the court to reassess the need for separate trials as the evidence is developed. *State v. Pierce*, 27 Ariz. App. 403, 406, 555 P.2d 662, 665 (1976). A court must order separate trials on motion of a party if fairness so requires. *See* Ariz. R. Crim. P. 13.4(a). In making this determination, the trial court is to consider a number of factors that trial events can bring into sharper focus—such as any antagonism between the respective defenses or any prejudicial impact certain evidence admitted against one defendant may have on another. *See State v. Grannis*, 183 Ariz. 52, 58-59, 900 P.2d 1, 7-8 (1995).

¶6        Flythe contends he did not waive the severance issue because his codefendant renewed his own motion twice during the trial, which gave the court adequate opportunity to assess the prejudicial effect of the joint trial in light of the evidence presented. "It would have been an unnecessary formality," Flythe concludes, "to [have] move[d] to join[] this

3

motion at every juncture, when the Court already denied the motion as to the co-defendant."
We find this reasoning flawed in two respects.

**¶7** First, defendants are rarely similarly situated with respect to the evidence presented. Some evidence may be admissible against only one defendant yet be unduly prejudicial to another. *See Grannis*, 183 Ariz. at 58, 900 P.2d at 7. And, a particular trial event or trial tactic by one party might be harmful only to one defendant. *See id.* Thus, the trial court might weigh the relevant factors differently as to different defendants in determining whether severance is warranted. Even in a trial with only two defendants, the denial of one defendant's motion to sever would not foreclose the possibility of the other's motion being granted.

**¶8** Additionally, we cannot presume that one defendant speaks on behalf of his codefendant in moving to sever trials. Different strategic reasons might lead a defendant not to renew his motion as a trial unfolds, even if he should become eligible for severance. Therefore we must presume a defendant's failure to renew or join another defendant's motion represents a reasoned strategic choice rather than mere attorney neglect.

**¶9** Here, for instance, when Moore first renewed his motion to sever during trial, Flythe's attorney stated, "I would take the position that we are well into this [trial] and we just ought to stay the course." He also observed that Moore's oral motion did not conform to the trial court's previous orders. And, by the time of Moore's first motion during trial, significant events had already occurred that could reasonably have altered Flythe's pretrial strategy of seeking a severance: the jury had been impaneled and was therefore a known

4

quantity, opening statements had been made, and Moore had failed to appear. By limiting appellate review, however, Rule 13.4(c) prevents a defendant from strategically refraining from renewing his motion, allowing a joint trial to proceed, then, if he is dissatisfied with the final outcome, arguing on appeal that severance was necessary. *Cf. State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005) (limited appellate relief designed to prevent parties from using curable trial error as "hole card" on appeal), *quoting State v. Valdez*, 160 Ariz. 9, 13, 770 P.2d 313, 317 (1989), *overruled on other grounds by Krone v. Hotham*, 181 Ariz. 364, 890 P.2d 1149 (1995).[1]

¶10        Requiring each defendant to renew a severance motion during trial does not impose a significant burden on defendants, nor is it a trap for the unwary. *See In re Property at 6757 S. Burcham Ave.*, 204 Ariz. 401, ¶ 9, 64 P.3d 843, 846 (App. 2003) (refusing to apply procedural device as trap for unwary litigant). Indeed, by renewing the motion, a defendant may direct the trial court's attention to a unique aspect of his severance argument the court might otherwise have overlooked. And compliance with Rule 13.4(c) assists the appellate court in reviewing the trial court's findings and rulings on the motions. For these reasons, our courts have strictly applied the waiver provisions of Rule 13.4(c), particularly the explicit requirement that motions for severance be renewed during trial, and we see no reason to depart from that practice here. *See State v. Atwood*, 171 Ariz. 576, 612, 832 P.2d 593, 629 (1992), *overruled on other grounds by State v. Nordstrom*, 200 Ariz.

---

[1]Flythe's appellate counsel did not represent him at trial, and we do not suggest counsel had any inappropriate motivation in raising the claim on appeal.

5

229, ¶ 25, 25 P.3d 717, 729 (2001); *see also State v. Laird*, 186 Ariz. 203, 206, 920 P.2d 769, 772 (1996) (defendant waived issue by failing to renew motion to sever count); *State v. Gonzales*, 181 Ariz. 502, 508, 892 P.2d 838, 844 (1995); *State v. Haas*, 138 Ariz. 413, 425, 675 P.2d 673, 685 (1983); *State v. Mincey*, 130 Ariz. 389, 399-400, 636 P.2d 637, 647-48 (1981); *State v. Bruni*, 129 Ariz. 312, 316, 630 P.2d 1044, 1048 (App. 1981); *Pierce*, 27 Ariz. App. at 406, 555 P.2d at 665.

## Conclusion

**¶11**    Because Flythe's failure to renew his motion to sever trials waived the issue on appeal, and because he has not asked us to conduct review for fundamental error, we do not reach the merits of his claim.  We affirm Flythe's conviction and sentence.


_____
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Judge


_____
GARYE L. VÁSQUEZ, Judge