NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRIAN KRISTOPHER COOPER, *Appellant.*

No. 1 CA-CR 13-0410

FILED 5-26-2015

Appeal from the Superior Court in Maricopa County
No. CR2011-008008-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Gail Gianasi Natale, Attorney at Law, Phoenix
By Gail Gianasi Natale
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

**P O R T L E Y**, Judge:

¶1          Defendant Brian Kristopher Cooper appeals his convictions and the resulting sentences for fleeing from a law enforcement vehicle, disorderly conduct, misconduct involving weapons, possession of marijuana, and three counts of possession of drug paraphernalia. He argues the trial court erred by: (1) denying his motion to sever the unlawful flight, endangerment, and aggravated assault counts (Counts 1 through 3) from the possession of marijuana, possession of drug paraphernalia, and misconduct involving weapons counts (Counts 4 through 8); and (2) denying his motion for mistrial due to prosecutorial misconduct. For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2          Cooper was driving 85 miles per hour and making "sudden lane changes" without signaling on State Route 101 on November 11, 2011, and Arizona Department of Public Safety Officer Gerald Baker tried to stop him. The officer turned on his lights and siren, but Cooper just accelerated and refused to stop. Officer Baker requested an "air unit," and Phoenix Police Air Unit eventually located and followed Cooper's progress from the air during the high-speed pursuit that lasted for almost an hour.

¶3          Cooper eventually drove southbound onto Interstate 17, got off at the tunnel on the Rose Garden Lane frontage road, stopped, and got out of his car. Officer Cottrell, who had been following him, pulled behind Cooper's car at "a 45-degree angle," got out, and, using his "engine block as cover," drew his weapon and pointed it at Cooper. When Cooper saw Officer Cottrell approaching, he got back into his car, "threw it in reverse and accelerated full speed backward," past Officer Cottrell and towards the north end of the tunnel. Seeing his escape was blocked, Cooper drove back into the tunnel, and accelerated directly towards Officer Cottrell.

¶4          Officer Cottrell "didn't have any place to go," and testified that he thought he "was going to die." He began firing at Cooper, who "leaned over and ducked down," while driving directly at Officer Cottrell. Officer Cottrell jumped out of the way while continuing to fire at Cooper,

---

[1] We view the facts in the light most favorable to upholding the convictions. *State v. Lowery*, 230 Ariz. 536, 538, ¶ 2, 287 P.3d 830, 832 (App. 2012) (citation omitted).

and Cooper crashed into Officer Cottrell's patrol car and then into the concrete barrier.[2]

¶5        Other officers joined Officer Cottrell and ordered Cooper to get out of his car and "show us your hands." Initially, Cooper did not comply, and the officers saw him throw a cell phone into a storm drain. After tasing, and taking Cooper into custody, the officers searched his car and found multiple cell phones, marijuana, digital scales, a grinder, and a .45 caliber handgun. Cooper also had $1219 in cash wrapped in plastic. Officers obtained a search warrant for the cell phone Cooper threw in the drain and found incriminating text messages.

¶6        Cooper was indicted for unlawful flight from law enforcement, endangerment, aggravated assault, misconduct involving weapons, possession of marijuana for sale, and three counts of possession of drug paraphernalia. Before trial, Cooper filed a motion to sever the unlawful flight, endangerment, and aggravated assault counts from the others. The motion was denied "because evidence of [counts] 4-8 are 'inextricably intertwined' with his failure to stop (counts 1-3), and all counts are part of a 'single criminal episode.'" Cooper unsuccessfully renewed the motion during a pretrial conference, but did not renew the motion during trial.

¶7        The jury found Cooper guilty of fleeing from a law enforcement vehicle (Count 1), misconduct involving weapons (Count 4),[3] and all three possession of drug paraphernalia counts (Counts 6-8). The jurors, however, could not unanimously agree that Cooper was guilty of aggravated assault (Count 3) or possession of marijuana for sale (Count 5), but found him guilty beyond a reasonable doubt of the lesser-included offenses of disorderly conduct and possession of marijuana, respectively. The jurors also found Cooper not guilty of endangerment (Count 2). The trial court found that Cooper had two historical prior felony convictions, and sentenced Cooper to concurrent prison terms on each count, the maximum of which was ten years. He was given 560 days of presentence incarceration credit.

---

[2] Officer Cottrell fired a total of 11 rounds at Cooper. One hit Cooper and four bullets hit his car.

[3] Cooper stipulated that he was a prohibited possessor.

¶8          Cooper filed a timely notice of appeal.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A).[4]

## DISCUSSION

### I.      Motion to Sever Counts

¶9          Cooper argues that the court erred in denying his severance motion.  He contends that the court should have severed the first three counts, relating to the high-speed car chase, from the last five counts, concerning the drug and weapon charges, because they represented two distinct offenses.  The State responds that Defendant has waived this argument on appeal.  We agree. *See State v. Martinez*, 210 Ariz. 578, 580, ¶ 4, n.2, 115 P.3d 618, 620 n.2 (2005) (when issue not properly preserved below, defendants "forfeit the right to obtain appellate relief unless they prove that fundamental error occurred").

¶10         Arizona Rule of Criminal Procedure 13.4(c) requires a defendant to renew a denied motion to sever at trial.  The renewal requirement for severance motions prevents a defendant from "playing 'fast and loose' with the trial court" and allows the court to reassess the need for separate trials as the evidence is developed. *State v. Flythe*, 219 Ariz. 117, 119, ¶ 5, 193 P.3d 811, 813 (App. 2008).  And compliance with Rule 13.4(c) assists the appellate court in reviewing the trial court's findings and rulings on the motions. *See id.* at 120, ¶ 10, 193 P.3d at 814.  As a result, we strictly apply the waiver provisions of Rule 13.4(c), particularly the explicit requirement that motions for severance be renewed during trial. *See id.*; *see also State v. Laird*, 186 Ariz. 203, 206, 920 P.2d 769, 772 (1996) (defendant waived issue by failing to renew motion to sever count).

¶11         Here, although Cooper timely requested severance of the counts and renewed his motion before trial, he failed to renew his motion during trial.  Moreover, he has not asserted that the court's refusal to grant a severance constitutes fundamental error.  Cooper, as a result, has waived the issue, and because he has not asked us to review for fundamental error, we do not reach the merits of his claim. *See State v. Smith*, 184 Ariz. 456, 460, 910 P.2d 1, 5 (1996) (appellate court not obligated to search record for fundamental error).  Accordingly, the court did not err by denying Cooper's severance motion.

---

[4] We cite to the current version of the statute unless otherwise noted.

## II.    Prosecutorial Misconduct

¶12    During the State's initial closing argument, the prosecutor noted that, while the burden of proof is on the State, Cooper failed to call any witnesses to support his defense.  Cooper objected, but the court overruled his objection.  The court, however, gave the following limiting instruction:

> Ladies and gentlemen, with regard to any statements made from the State regarding the lack of contradictory testimony from the witness stand, I simply remind you that the defendant is not required to testify, moreover the law does not require the defendant to prove innocence. The decision on whether or not to testify is left to the defendant acting with the advice of an attorney and you must not let this choice affect your deliberations in any way.

¶13    After closing arguments, Cooper renewed his Rule 20 motion and moved for a mistrial.  The court denied both motions.  Cooper now argues that the court erred by denying his motion for mistrial because the prosecutor engaged in misconduct by commenting upon his decision not to testify or present evidence in his defense and by shifting the burden of persuasion to the defense.

¶14    We will not disturb a trial court's denial of a motion for mistrial for prosecutorial misconduct absent a clear abuse of discretion. *State v. Sarullo*, 219 Ariz. 431, 437, ¶ 23, 199 P.3d 686, 692 (App. 2008).  We give the trial court "great deference" because it "is in the best position to determine whether the [alleged error] will actually affect the outcome of the trial." *State v. Lamar*, 205 Ariz. 431, 439, ¶ 40, 72 P.3d 831, 839 (2003) (quoting *State v. Jones*, 197 Ariz. 290, 304, ¶ 32, 4 P.3d 345, 359 (2000)).

¶15    To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26, 969 P.2d 1184, 1191 (1998) (internal quotation marks and citations omitted); *see also Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).  To require reversal, prosecutorial misconduct must affect the jury's ability to fairly assess the evidence and be "so pronounced and persistent that it permeates the entire atmosphere of the trial." *Sarullo*, 219 Ariz. at 437, ¶ 23, 199 P.3d at 692 (citation omitted).

¶16            It is constitutionally and statutorily impermissible for a prosecutor to comment upon a defendant's decision not to testify at trial. A.R.S. § 13–117(B); *Griffin v. California*, 380 U.S. 609, 611–12 (1965); *State v. Fuller*, 143 Ariz. 571, 574–75, 694 P.2d 1185, 1188–89 (1985). However, prosecutors have "wide latitude" in presenting their closing arguments to the jury. *State v. Jones*, 197 Ariz. 290, 305, ¶ 37, 4 P.3d 345, 360 (2000). And when a prosecutor comments on a defendant's failure to present evidence to support his or her defense or theory of the case, it is not improper and does not shift the burden of proof to the defendant so long as such comments are not intended to direct the jury's attention to the defendant's failure to testify. *Hughes*, 193 Ariz. at 87, ¶ 64, 969 P.2d at 1199 (citation omitted); *Sarullo*, 219 Ariz. at 437, ¶ 24, 199 P.3d at 692; *see also State v. Edmisten*, 220 Ariz. 517, 525, ¶ 26, 207 P.3d 770, 778 (App. 2008) ("It is well settled that a prosecutor may properly comment upon the defendant's failure to present exculpatory evidence, so long as the comment is not phrased to call attention to the defendant's own failure to testify.") (citation and internal quotation marks omitted).

¶17            In this case, during the prosecutor's initial closing argument, the following remarks were made:

> THE STATE: Again, undisputed. Absolutely undisputed. No one came in here to say that the —
>
> DEFENSE COUNSEL: I'm going to object to that as improper argument.
>
> THE COURT: Overruled.
>
> THE STATE: Nobody came here took the stand to say that Officer Cottrell got it wrong. In fact, [K.P.], she testified that Officer Cottrell had nowhere to go. Officer Cottrell told you, he had nowhere to go.
>
> . . .
>
> THE STATE: Again, reasonable apprehension, ladies and gentlemen, and nothing to contradict, no evidence from that witness stand to contradict —

DEFENSE COUNSEL: Objection; improper argument.

THE COURT: Overruled.

THE STATE: — to contradict Officer Cottrell, Officer Cottrell's statements.

. . .

THE STATE: Nobody came in here to say it was just for personal use.

DEFENSE COUNSEL: Objection; improper argument.

THE COURT: Overruled.

¶18 The prosecutor's remarks did not comment on Cooper's failure to testify nor did they shift the burden of proof from the State to Cooper; the comments were not improper. *See Hughes*, 193 Ariz. at 87, ¶ 64, 969 P.2d at 1199; *Sarullo*, 219 Ariz. at 437, ¶ 24, 199 P.3d at 692; *Edmisten*, 220 Ariz. at 525, ¶ 26, 207 P.3d at 778. But, the court properly stepped in and gave the limiting instruction to remind the jurors of their obligation. As a result, the limiting instruction cured any potential problem with the rhetoric of the argument. *See State v. Ramirez*, 178 Ariz. 116, 127, 871 P.2d 237, 248 (1994) ("We presume that the jurors read and followed the relevant instructions."). Therefore, we find no error.

## CONCLUSION

¶19 For the foregoing reasons, we affirm Defendant's convictions and resulting sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama