NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DONALD LEE LINVILLE, *Petitioner.*

No. 1 CA-CR 21-0551 PRPC
FILED 7-19-2022

Petition for Review from the Superior Court in Maricopa County
No. CR2013-110421-001
The Honorable Christopher A. Coury, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Donald Lee Linville, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann joined.

**C R U Z**, Judge:

¶1 Donald Lee Linville petitions for review from the superior court's summary dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 32. Because Linville did not state a colorable claim of ineffective assistance of counsel, we grant review but deny relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2 The jury found Linville guilty of eleven counts of sexual exploitation of a minor, two counts of surreptitious recording, and one count of sexual conduct with a minor. The evidence at trial showed that Linville surreptitiously recorded himself engaging in sexual conduct with three victims, including one minor victim, and possessed at least ten images and videos depicting child pornography. The superior court sentenced him to an aggregate term of 121.25 years' imprisonment.

¶3 Linville filed a direct appeal, arguing the superior court erred by denying his motion to suppress fruits of an illegal search and his motion for judgment of acquittal for ten of the sexual exploitation of a minor counts, and insufficient evidence supported his convictions for those counts. *See State v. Linville*, 1 CA-CR 17-0429, 2018 WL 3730922, at *1, ¶ 1 (Ariz. App. July 24, 2018) (mem. decision). Finding no error, we affirmed his convictions and sentences. *Id.*

¶4 In Linville's first petition for post-conviction relief, he argued trial counsel provided ineffective assistance by failing to (1) request severance of the counts; (2) adequately develop the arguments presented in his motion to suppress and his motion for judgment of acquittal; and (3) preserve a challenge to the constitutionality of the sentences for the direct appeal. He further claimed appellate counsel provided ineffective assistance by failing to challenge, or adequately challenge, the denial of his motion for judgment of acquittal and the constitutionality of his sentences. The superior court summarily dismissed the petition for post-conviction relief, finding Linville failed to raise a colorable claim for relief. This petition for review followed.

## DISCUSSION

¶5 We review the superior court's summary dismissal of a petition for post-conviction relief for an abuse of discretion. *See State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). Summary dismissal is appropriate if no claim "presents a material issue of fact or law that would entitle the

2

defendant to relief." Ariz. R. Crim. P. 32.11(a). Conversely, the defendant is generally entitled to an evidentiary hearing if the petition presents a colorable claim for relief—that is, one that, if the allegations are true, would probably have changed the outcome. *See State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016).

**¶6**         To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and counsel's deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *Bennett*, 213 Ariz. at 567, ¶ 21. To show prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Strategic choices by counsel, if made after thorough investigation of law and facts of the case, are considered "virtually unchallengeable." *Id.* at 690.

**¶7**         The superior court properly rejected Linville's claim regarding severance. The decision not to seek severance is a strategic choice made by counsel, *State v. Flythe*, 219 Ariz. 117, 120, ¶ 9 (App. 2008), and we must presume the decision fell within the range of "reasonable professional assistance," *Strickland*, 466 U.S. at 689. Moreover, a defendant is not prejudiced by a failure to sever if the court instructs the jury to consider each offense separately. *See State v. Johnson*, 212 Ariz. 425, 430, ¶ 13 (2006). Here, the court instructed the jury to decide each count separately based on the evidence and law applicable to that count and to do so uninfluenced by its decision on any other count. We presume the jury followed this instruction. *See State v. Dunlap*, 187 Ariz. 441, 461 (App. 1996). In the absence of any deficiency resulting in prejudice, Linville did not present a claim entitling him to relief.

**¶8**         Next, Linville's claim regarding the adequacy of counsel's motion to suppress did not warrant relief. In Linville's direct appeal, we determined that no illegal search occurred. *See Linville*, 1 CA-CR 17-0429, at *2-3, ¶¶ 8-11. Linville then contended in his petition for post-conviction relief that counsel should have moved for suppression on a number of other grounds, including an argument supported only by non-binding authority. Counsel need not raise every available argument, so long as counsel's chosen strategy has some reasoned basis. *See State v. Gerlaugh*, 144 Ariz. 449, 455 (1985). The law does not guarantee "perfect counsel, only competent counsel." *State v. Valdez*, 160 Ariz. 9, 15 (1989), *overruled on other grounds by Krone v. Hotham*, 181 Ariz. 364, 366-67 (1995). Linville failed to

show counsel's performance fell below prevailing professional norms, and there is no indication his proposed strategy would have been successful.

**¶9**        For similar reasons, the superior court properly rejected Linville's claim that counsel failed to adequately challenge the sufficiency of the evidence.  Although Linville conceded that both trial and appellate counsel argued the merits of a judgment of acquittal, he now disagrees with how counsel chose to develop those arguments.  Disagreement with counsel's strategy does not support an ineffective assistance of counsel claim, even if that strategy proved to be unsuccessful. *See State v. Denz*, 232 Ariz. 441, 444, ¶ 7 (App. 2013).  In Linville's direct appeal, we concluded that the State presented sufficient evidence as to each element of the relevant offenses and substantial evidence supported the jury's verdicts. *See Linville*, 1 CA-CR 17-0429, at *6, ¶ 25.  Linville failed to show the outcome of trial, or the direct appeal, would have changed based on arguments presented by counsel.

**¶10**        Linville's final claim that counsel was ineffective in addressing the constitutionality of his sentences did not entitle him to relief. By Linville's own concession, this challenge would likely fail in both the trial and appellate courts.  He argued that counsel had the duty to preserve and later raise the claims for future litigation.  Counsel cannot be deemed ineffective for failing to raise a non-meritorious issue. *See State v. Herrera*, 183 Ariz. 642, 647 (App. 1995).

**¶11**        To the extent Linville attempted to litigate substantive claims in the context of ineffective assistance of counsel, the superior court was correct in finding such claims precluded. *See* Ariz. R. Crim. P. 32.2(a)(2), (3).

## CONCLUSION

**¶12**        We grant review but deny relief.

