910 P.2d 1

**STATE of Arizona, Respondent,**

v.

**Herbert Allen SMITH, Petitioner.**

No. CR–95–0294–PR.

Supreme Court of Arizona,
En Banc.

Jan. 16, 1996.

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Randall M. Howe, Phoenix, and Charles R. Hastings, Yavapai County Attorney, Prescott, for the State.

Herbert Allen Smith, Tucson, pro se.

## OPINION

FELDMAN, Chief Justice.

This case is before us on the state's petition for review from a court of appeals' opinion affirming Defendant's sentence for theft but remanding the case with instructions to have counsel review the record and file a supplemental petition for review in the court of appeals. *State v. Smith,* 183 Ariz. 424, 904 P.2d 1248 (App.1995). The state asks us to vacate the court of appeals' holding that defendants who plead guilty are constitutionally entitled to counsel when pursuing in the court of appeals their discretionary petition for review from the trial court's denial of post-conviction relief. We have jurisdiction under Ariz. Const. art. VI, § 5(3).

## FACTS AND PROCEDURAL HISTORY

Pursuant to Rules 32.1 and 32.4(a), Arizona Rules of Criminal Procedure, Defendant Herbert Allen Smith filed a petition for post-conviction relief ("PCR") from a sentence imposing an aggravated term of ten years following his guilty plea to theft, a class 3 felony. Smith claimed that his sentence was cruel and unusual and therefore violated the Eighth Amendment to the United States Constitution and art. II, § 15 of the Arizona Constitution.

Smith was represented by counsel in his post-conviction proceedings in the trial court. That court dismissed the petition pursuant to Rule 32.6(c) [1] for failure to raise a material issue of fact or law that would entitle Smith to relief. Smith's counsel then informed Smith that he would not represent him in petitioning for review to the court of appeals and filed a motion to withdraw as counsel,

---

1. Rule 32.6(c) provides, in pertinent part, that:

On reviewing the petition, response, reply, files and records, and disregarding defects of form, the court shall identify all claims that are procedurally precluded under this rule. If the court, after identifying all precluded claims, determines that no remaining claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings, the court shall order the petition dismissed.

which the trial court ultimately granted. The court of appeals denied Smith's request for appointment of counsel. Smith then filed a pro per petition for review asserting the same constitutional claims raised in the initial petition for post-conviction relief.

The court of appeals concluded that Smith's sentence was not cruel and unusual. *Smith*, 183 Ariz. at 426, 904 P.2d at 1250. Relying on its interpretation of *Montgomery v. Sheldon*, 181 Ariz. 256, 889 P.2d 614 (*Montgomery I*), *op. supp.*, 182 Ariz. 118, 893 P.2d 1281 (*Montgomery II*) (1995), the court also held that the trial court committed fundamental error in permitting Smith's counsel to withdraw before the court of appeals disposed of Smith's discretionary petition for review. *Smith*, 183 Ariz. at 428, 904 P.2d at 1252. The court therefore remanded the case to the trial court with instructions that counsel review the record and, on Smith's behalf, file a supplemental petition for review in the court of appeals. *Id.*

We granted the state's petition for review to decide whether the court of appeals improperly found that Smith, as a PCR defendant, had a constitutional right to appointed counsel when pursuing his discretionary appellate review to the court of appeals. Because the court of appeals misconstrued *Montgomery*, we affirm the trial court's denial of Smith's petition for post-conviction relief and vacate the court of appeals' opinion.

## DISCUSSION

### A. The holding in *Montgomery*

■ Contrary to the court of appeals' statement, *Montgomery* did not "create[ ] a new avenue of appeal." *Smith*, 183 Ariz. at 427, 904 P.2d at 1251. In *Montgomery I*, we held "*only* that if counsel refuses to proceed, a pleading defendant has a right under Ariz. Const. art. II, § 24 to file a pro se PCR petition." 181 Ariz. at 260, 889 P.2d at 618 (emphasis added). Our analysis in *Montgomery* was not based on the premise that a defendant cannot waive the right to direct appeal. As we explicitly stated in *Montgomery I*:

[W]e have never held, and we do not hold today, that a pleading defendant cannot waive his right to a *direct* appeal consistent with art. II, § 24. . . . [T]his case, however, involve[s] only *Rule 32 proceedings*, a *distinct* form of appellate review. . . . [T]he waiver provisions in Rules 17.1 and 27.8 specifically exclude *Rule 32 proceedings*.

181 Ariz. at 259 n. 2, 889 P.2d at 617 n. 2 (emphasis added) (internal citations omitted). It is through operation of the rules governing post-conviction relief that our constitutional guarantee of appellate review in all cases is effectuated for pleading defendants. Ariz. Const. art. II, § 24; *Wilson v. Ellis*, 176 Ariz. 121, 123, 859 P.2d 744, 746 (1993).

### B. At what stage of the Rule 32 proceedings are pleading defendants entitled to counsel?

#### 1. Filing of petition for post-conviction relief

■ A pleading defendant waives the right to *direct* appeal and may seek review only by filing in the trial court a petition for post-conviction relief pursuant to Rule 32. *Wilson*, 176 Ariz. at 123, 859 P.2d at 746. If denied, the defendant may file a petition for review in the court of appeals. Rule 17.1(e); *Montgomery I*, 181 Ariz. at 258, 889 P.2d at 616.

■ In making its required review and disposition of the PCR, the trial court provides the pleading defendant a form of post-conviction appellate review via motion under Rule 32. *Wilson*, 176 Ariz. at 123, 859 P.2d at 746. In this respect, a Rule 32 petition for post-conviction relief in the trial court is "analogous to a direct appeal for a pleading defendant." *Montgomery I*, 181 Ariz. at 260 n. 5, 889 P.2d at 618 n. 5. Therefore, because review and disposition of the PCR is the only constitutionally guaranteed appeal, an indigent pleading defendant is entitled to appointed counsel for the trial court PCR proceedings, as provided in Rule 32.4(c), and is also entitled to a transcript of the plea proceedings. *Wilson*, 176 Ariz. at 124, 859 P.2d at 747.

If, after conscientiously searching the record for error, appointed counsel in a PCR proceeding finds no tenable issue and cannot proceed, the defendant is entitled to file a pro per PCR. *Montgomery I,* 181 Ariz. at 260, 889 P.2d at 618. As in constitutionally guaranteed direct appeals by non-pleading defendants, should counsel be unable to proceed, he or she must so notify the court and the client. *See State v. Shattuck,* 140 Ariz. 582, 585, 684 P.2d 154, 156 (1984). Absent a finding of dilatory tactics or other abuse, notification of counsel's inability to proceed, after a significant portion of the time allowed for filing has lapsed, constitutes good cause under Rule 32.4(c) to grant the defendant an appropriate extension of time in which to file a pro per PCR. *Montgomery I,* 181 Ariz. at 261, 889 P.2d at 619.

After counsel or the pro per defendant submits the post-conviction petition to the court and the trial court makes its required review and disposition, counsel's obligations are at an end. *See Shattuck,* 140 Ariz. at 585, 684 P.2d at 156. Following the trial court's disposition, counsel need only inform the defendant of the status and defendant's future options, unless counsel's review, or that of the trial court, reveals an issue appropriate for submission to the court of appeals.[2] *See id.*

### 2. Petition for review to the court of appeals

Our constitution does not require, and the rules do not extend, the right to appointed counsel for indigent defendants in Rule 32 proceedings beyond the trial court's mandatory consideration and disposition of the PCR. *See id.* at 584, 684 P.2d at 156; *State v. Shedd,* 146 Ariz. 5, 8, 703 P.2d 552, 555 (App.1985). As occurred in the present case, the pleading defendant can petition the appellate court for review of the trial court's denial of the PCR. Rule 32.9(c). The court of appeals, however, retains discretion over whether to grant review. Rule 32.9(f). Accordingly, because review from denial of post-conviction relief is discretionary, a pleading defendant does not have a right to appointed counsel in such proceedings. *Shattuck,* 140 Ariz. at 584, 684 P.2d at 156.

Based in part on A.R.S. § 13–4035, *Montgomery* also holds that the court of appeals must review for fundamental error when considering whether to grant review of a pleading defendant's denial of post-conviction relief. *Montgomery I,* 181 Ariz. at 260 n. 5, 889 P.2d at 618 n. 5; *Montgomery II,* 182 Ariz. at 119, 893 P.2d at 1282. That statute has since been repealed, effective July 13, 1995. S.B. 1151, Ch. 198, 42nd Leg., 1995 Ariz.Sess.Law. Because no court rule provides for fundamental error review of a petition for review to the appellate courts, such review is no longer required.

Contrary to the concurring justice's belief, *post* at 461, 910 P.2d at 6, this court did not conclude in *Montgomery* that the constitution alone imposed upon the court of appeals an obligation to review for fundamental error in Rule 32 proceedings. In *Montgomery II,* we concluded only that, "[c]onsistent with Ariz. Const. art. 2, § 24 and A.R.S. § 13–4035, the court of appeals must examine the record before it for fundamental error...." 182 Ariz. at 120, 893 P.2d at 1283. The constitution guarantees the right to appeal. But A.R.S. § 13–4035, now repealed, imposed fundamental error review. *See Montgomery II,* 182 Ariz. at 120, 893 P.2d at 1283; *see also id.* at 119, 893 P.2d at 1282 ("[ ] § 13–4035 requires the court of appeals to search for fundamental error.").

---

2. Even though Rule 32 does not give an indigent defendant the right to appointed counsel in a discretionary proceeding, that does not mean that a court is forbidden from appointing counsel when, in the interest of justice, appointment of counsel seems necessary. *See* Rule 6.1(b) ("An indigent defendant shall be entitled to have an attorney appointed in ... criminal proceeding in which the court concludes that the interests of justice so require."); *see also Betts v. Brady,* 316 U.S. 455, 471, 62 S.Ct. 1252, 1261, 86 L.Ed. 1595 (1942) ("Every court has power, if it deems proper, to appoint counsel where that course seems to be required in the interest of fairness."), *overruled on other grounds, Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *State v. Superior Court,* 39 Ariz. 242, 247–48, 5 P.2d 192, 194 (1931) (the inherent powers of the courts "may be defined as such powers as are necessary to the ordinary and efficient exercise of jurisdiction.").

Apparently, the majority of this court and the concurring justice have differing views in these cases. *Compare Wilson,* 176 Ariz. 121, 859 P.2d 744, *with id.* at 125, 859 P.2d at 748 (Martone, J., dissenting); and *compare Montgomery I,* 181 Ariz. 256, 889 P.2d 614, *with id.* at 261, 889 P.2d at 619 (Martone, J., dissenting); and *compare Montgomery II,* 182 Ariz. 118, 893 P.2d 1281, *with id.* at 121, 893 P.2d at 1284 (Martone, J., dissenting); *see also post* at 460, 910 P.2d at 5.

While the concurring justice is free, of course, to disagree and advance his individual interpretation of the holdings in *Wilson, Montgomery I, Montgomery II,* and the present case, the holdings of these cases are not defined by the concurring justice's dissents or concurrence. The interpretation of these cases advanced in those separate opinions should not, therefore, again be applied by the court of appeals to future cases. As we said before, "[w]e see no purpose in reopening the *Wilson* debate in every subsequent case." *Montgomery I,* 181 Ariz. at 259 n. 2, 889 P.2d at 617 n. 2.

## CONCLUSION

The PCR proceedings provided for in Rules 32.1 through 32.8 constitute the appellate review to which a pleading defendant is entitled under Ariz. Const. art. II, § 24 and are the only Rule 32 proceedings in which such defendant, when indigent, is entitled to appointed counsel. In PCR proceedings by a pleading defendant, the trial court performs the initial appellate review, providing the only appeal as of constitutional right from the plea or admission. A pleading defendant is entitled to petition for review pursuant to Rule 32.9, but the grant or denial of review is discretionary for the court of appeals, which, subsequent to the repeal of A.R.S. § 13–4035, need not review for fundamental error when considering whether to grant or deny review.

■ Although Smith's post-conviction proceedings were commenced prior to repeal of A.R.S. § 13–4035, the procedural effect of that repeal applies retroactively to cases not yet final. Thus, Smith is not entitled to fundamental error review. *See State v. Slemmer,* 170 Ariz. 174, 180, 823 P.2d 41, 47 (1992) (adopting federal retroactivity analysis principle that all new procedural rules or principles announced for the conduct of criminal cases generally must be applied retroactively to cases not yet final). Accordingly, we vacate the court of appeals' opinion and affirm the trial court's dismissal of Smith's petition for post-conviction relief.

MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.

MARTONE, Justice, concurring in the judgment.

The court of appeals correctly read our cases. The majority changes course here. In *Wilson v. Ellis,* 176 Ariz. 121, 124, 859 P.2d 744, 747 (1993), *Montgomery v. Sheldon,* 181 Ariz. 256, 261, 889 P.2d 614, 619 (1995) [*Montgomery I* ], and *Montgomery v. Sheldon,* 182 Ariz. 118, 121, 893 P.2d 1281, 1284 (1995) [*Montgomery II* ], I expressed in dissent my view that the right to appeal, as guaranteed by the constitution, can be waived, and that this court has needlessly constitutionalized Rule 32 proceedings. I join in the judgment because, having waived the right to appeal, there is no right to appointed counsel. I cannot join the court's opinion because it restates the conceptual incongruity of the majority's original design.

The majority tries to solve the dilemma its cases create by changing its view on whether its analogous constitutional right to appellate review is satisfied by Rule 32 proceedings in the *trial* court or in the *court of appeals.* In *Wilson,* the majority said "we are not commanding, nor do we want, *trial* courts to conduct *Anders*-type reviews in PCRs." 176 Ariz. at 124, 859 P.2d at 747. (Emphasis added). In *Montgomery I* the majority said "[b]ecause Rule 32 review is analogous to a direct appeal for a pleading defendant, the *court of appeals* must review for fundamental error when considering a petition for review from denial of post-conviction relief by a pleading defendant." 181 Ariz. at 260 n. 5, 889 P.2d at 618 n. 5. (Emphasis added).

But today, the court holds that "the *trial* court provides the pleading defendant a form of post-conviction appellate review via motion under Rule 32." *Ante,* at 458, 910 P.2d at 3.

(Emphasis added). It says further that "a Rule 32 petition for post-conviction relief *in the trial court* is 'analogous to a direct appeal for a pleading defendant.'" *Id.* (Emphasis added). Based upon this understanding, the court goes on to hold that the right to appointed counsel does not extend to "Rule 32 proceedings beyond the trial court's mandatory consideration and disposition of the PCR." *Ante,* at 459, 910 P.2d at 4.

The majority acknowledges that *Montgomery I* held that the *court of appeals* (and not the trial court) had to review for fundamental error on petition for review from the denial of post-conviction relief. *Ante,* at 459–460, 910 P.2d at 4–5. The majority now says that because the legislature repealed A.R.S. § 13–4035 "such review is no longer required." *Id.* at 460, 910 P.2d at 5. But, if it was the trial court all along that provided appellate review, then that court, and not the court of appeals, had the obligation under former A.R.S. § 13–4035 to engage in fundamental error review. Furthermore, *Montgomery I* held that the court of appeals had to review for fundamental error not only because of A.R.S. § 13–4035, but also "[b]ecause Rule 32 review is analogous to a direct appeal for a pleading defendant." 181 Ariz. at 260 n. 5, 889 P.2d at 618 n. 5. *Montgomery II* was even more explicit:

> Consistent with Ariz. Const. art 2, § 24 and A.R.S. § 13–4035, the court of appeals must examine the record before it for fundamental error when a pleading defendant petitions for review from the denial of a Rule 32 petition.

182 Ariz. at 120, 893 P.2d at 1283. The majority seemed to be saying that in addition to § 13–4035, the *constitution* imposed upon the *court of appeals* the obligation to review for fundamental error. I understood the majority to be referring to those cases in which an *Anders* review was otherwise constitutionally required. The repeal of § 13–4035 could not change that, as the majority now says it does. *Ante,* at 460, 910 P.2d at 5.

So we are still left with uncertainty. A Rule 32 proceeding in the *trial court* is a constitutionally required form of appellate review, but neither that court, *Wilson v. Ellis,* 176 Ariz. at 124, 859 P.2d at 747, nor the court of appeals, *ante,* at 459–460, 910 P.2d at 4–5, need perform a fundamental error review. If, as the majority says, "the trial court performs the initial appellate review providing the only appeal as of constitutional right from the plea or admission," *ante,* at 460, 910 P.2d at 5, but the trial court need not perform a review even where constitutionally required under *Anders, Wilson,* 176 Ariz. at 124, 859 P.2d at 747, then the majority is properly evolving toward an understanding that a Rule 32 proceeding, wherever located, is not a constitutionally required form of appellate review for pleading defendants. The abandonment of *Wilson*'s erroneous interpretation of *State v. Ethington,* 121 Ariz. 572, 592 P.2d 768 (1979) would be a more direct approach to this inevitable conclusion. *Wilson,* 176 Ariz. at 124, 859 P.2d at 747 (Martone, J., dissenting).