Michael William MARSHALL, Petitioner–Appellant,

v.

Dora B. SCHRIRO, Director, ADOC Warden; Terry Goddard, Respondents–Appellees.

No. 04–17185.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Jan. 23, 2007.

Randolfo V. Lopez Fax, Tucson, AZ, for Petitioner–Appellant.

Michael William Marshall, Buckeye, AZ, pro se.

Donna Jeanne Lam, Dag Fax, AGAZ— Office of the Arizona Attorney General, Tucson, AZ, for Respondents–Appellees.

Before: HUG, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM *

Michael William Marshall appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Marshall contends that his state post-conviction relief ("PCR") counsel provided constitutionally ineffective assistance of counsel to him in a proceeding equivalent to a direct appeal under Arizona law. According to Marshall, his counsel's filing of a brief that stated that he found no grounds for relief and his failure to advise Marshall that he could file a pro se brief deprived Marshall of his right to appellate review. We have jurisdiction over Marshall's timely appeal under 28 U.S.C. §§ 1291 and 2253 [1], and we reverse.

We review the district court's denial of a § 2254 habeas petition de novo, but will overturn the district court's factual find-ings only if they are clearly erroneous. *Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir.2001). Because the Arizona courts never reached the merits of Marshall's ineffectiveness claim, "there is no state court decision on this issue to which to accord deference." *Pirtle v. Morgan,* 313 F.3d 1160, 1167 (9th Cir.2002).

We reverse the district court's denial of Marshall's habeas petition, because Marshall's Fourteenth Amendment rights were violated by his PCR counsel's ineffective performance.[2] Specifically, Marshall's "right to have counsel until a case is determined to be frivolous and to receive a merits brief for a nonfrivolous appeal" was violated, because the procedure followed in the state court was constitutionally inadequate under the *Anders–Penson–Smith* line of cases. *Smith v. Robbins,* 528 U.S. 259, 280, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); *see also Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

A defendant alleging ineffective assistance of counsel must ordinarily show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Supreme Court has also recognized, however, that there are situations in which,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. A motions panel granted Marshall a certificate of appealability on his ineffective assistance claim.

2. The State has conceded for purposes of this appeal that the constitutional right to the effective assistance of counsel applies to a first petition for post-conviction relief for Arizona defendants who plead guilty, as Marshall did. *See Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (holding that criminal defendants are entitled to effective assistance of counsel on the first appeal as of right); *State v. Smith,* 184 Ariz. 456, 910 P.2d 1, 3 (1996) (stating that "review and disposition of the PCR is the only constitutionally guaranteed appeal" for a pleading defendant under the Arizona Constitution).

based on the "magnitude of the deprivation of the right to effective assistance of counsel," prejudice can be presumed. *Roe v. Flores–Ortega,* 528 U.S. 470, 482, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Thus, where a defendant is actually or constructively denied counsel during a proceeding, courts have found that both the performance and prejudice prongs of *Strickland* are satisfied. *Id.* at 483, 120 S.Ct. 1029; *Penson,* 488 U.S. at 88–89, 109 S.Ct. 346. One situation which potentially gives rise to a finding of constructive denial of counsel is where appointed counsel declines to file a brief arguing the merits of a criminal defendant's appeal.

The Supreme Court has recognized that appellate counsel need not press wholly frivolous arguments, *Penson,* 488 U.S. at 83–84, 109 S.Ct. 346, but the Court has required states to follow careful procedures before allowing appointed counsel to decline to file a merits brief. *See Smith,* 528 U.S. at 276–78, 120 S.Ct. 746; *see also Penson,* 488 U.S. at 79–85, 109 S.Ct. 346; *McCoy v. Court of Appeals,* 486 U.S. 429, 438–39, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *Anders,* 386 U.S. at 742–45, 87 S.Ct. 1396. States are not bound to follow any single procedure in handling appellate counsel's refusal to file a merits brief, as long as the procedure used affords "adequate and effective appellate review to indigent defendants." *Smith,* 528 U.S. at 276–77, 120 S.Ct. 746. In determining whether a state procedure meets this standard, courts are to "focus on the underlying goals that the procedure should serve," including the goal of ensuring "that those indigents whose appeals are not frivolous receive the counsel and merits brief required by *Douglas [v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) ] . . . ." *Smith,* 528 U.S. at 277, 120 S.Ct. 746.

Where counsel has declined to file a merits brief pursuant to a valid *Anders*-type procedure, no prejudice to the criminal defendant's right to counsel may be presumed. *Id.* at 286–87, 120 S.Ct. 746. However, because *Penson* remains good law, prejudice may be presumed if an *invalid* procedure is followed by counsel in refusing to file a merits brief. *See Smith,* 528 U.S. at 286, 120 S.Ct. 746 ("Our holding in *Penson* was consistent with *Strickland* itself, where we said that we would presume prejudice when a defendant had suffered an '[a]ctual or constructive denial of the assistance of counsel altogether.' ") (citation omitted).

Here, Marshall's PCR counsel filed a five-page PCR petition which essentially stated that he found no grounds for relief, and described his reasons for believing that Marshall's conviction and sentence were unassailable. However, neither the state trial court nor the Court of Appeals made any finding that a PCR petition argued on the merits would have been frivolous. In fact, although the Arizona Court of Appeals found that a cruel and unusual punishment claim on Marshall's behalf appeared "arguable," it did not require a merits brief on that point. Notably, the procedure that the Arizona Court of Appeals has described as the state's *Anders*-compliant procedure was not followed. *See State v. Clark,* 196 Ariz. 530, 2 P.3d 89, 96 (Ct.App.1999) (noting that when counsel files an "*Anders* brief" stating that he finds no grounds for appeal, court will review entire record for reversible error and direct counsel to brief any arguable issues). The lack of a merits brief was further aggravated by the fact that counsel did not consult with Marshall, advise him of his right to file a supplementary pro se brief, or request an extension of time for this purpose from the court. *Cf. Smith,* 528 U.S. at 267, 120 S.Ct. 746 (petitioner had opportunity to file pro se brief); *An-*

*ders,* 386 U.S. at 744, 87 S.Ct. 1396 (once counsel files a brief stating that he finds no grounds for appeal, defendant should be given time "to raise any points he chooses").[3]

Thus, because his PCR counsel's nominal representation did not supply Marshall with actual advocacy on his behalf, no court ever found that Marshall's appeal would have been frivolous, and Marshall was not given the opportunity to file a brief on his own behalf, Marshall was constructively denied assistance of counsel during a proceeding that was equivalent to his first appeal as of right. Consequently, Marshall is entitled to another PCR proceeding under Arizona Rule of Criminal Procedure 32. On remand, the district court should issue a conditional writ of habeas corpus, ordering the state to grant Marshall a new Rule 32 proceeding within a reasonable time or release him. See *Dowd v. Cook,* 340 U.S. 206, 210, 71 S.Ct. 262, 95 L.Ed. 215 (1951).

**REVERSED and REMANDED.**

---

3. The Arizona Supreme Court has recognized that the defendant's right to file a pro se brief under such circumstances is necessary to the state constitutional right to appellate review. *State v. Smith,* 910 P.2d at 3; *Montgomery v.*

*Sheldon,* 181 Ariz. 256, 889 P.2d 614, 619 (1995).

