NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GREGORY KEETEN, *Petitioner*.

No. 1 CA-CR 15-0027 PRPC
FILED 12-22-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2013-108489-001
The Honorable Robert L. Gottsfield, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Gregory Keeten, San Luis
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

¶1        Defendant Gregory Keeten petitions this court for review from the summary dismissal of his petition for post-conviction relief of-right. Defendant pled guilty to misconduct involving weapons and the superior court sentenced him to an aggravated term of 3.75 years' imprisonment. Defendant argues the superior court erred when it sentenced him to an aggravated term based in part on (1) the existence of Defendant's prior convictions, and (2) the court's allegedly mistaken belief that Defendant was not candid when he avowed in the plea agreement that he had only two prior convictions "in any jurisdiction under any name" when, in fact, Defendant had four additional convictions in California. Defendant further argues the aggravated sentence violated "the spirit" of the plea agreement.

¶2        We deny relief because Defendant did not raise any of these issues in superior court. Below, Defendant presented three claims of ineffective assistance of counsel. While he argued counsel's ineffectiveness resulted in the court's imposition of the aggravated sentence, Defendant did not present the substantive claims of error he now presents for review. A petition for review may only present issues that were argued first to the trial court. *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577–78 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). *See also State v. Swoopes*, 216 Ariz. 390, 403, ¶ 41 (App. 2007); *State v. Smith*, 184 Ariz. 456, 459 (1996) (holding no review for fundamental error in a post-conviction relief proceeding).

¶3        Even if we were to construe the superior court's findings as evidence that Defendant raised these claims below, we find no error. Regardless of whether Defendant was candid with the court regarding his prior convictions, the superior court did not abuse its discretion by considering his prior convictions as an aggravating factor during sentencing. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-701(D)(11) (2013). Furthermore, Defendant's plea agreement specifically stated a range of

possible sentences based on his charges; and advised Defendant that the sentence to be imposed was within the discretion of the superior court.

¶4        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA