NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MIGUEL ALVARADO RAMIREZ, SR., *Petitioner*.

No. 1 CA-CR 14-0719 PRPC
FILED 2-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2004-015568-001 DT
The Honorable Joseph C. Welty, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Miguel Alvarado Ramirez, Sr., Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

**B E E N E**, Judge:

**¶1**         Petitioner Miguel Alvarado Ramirez, Sr. pled guilty to second degree murder and the superior court sentenced him to a presumptive term of sixteen years' imprisonment.  Ramirez petitions for review from the summary dismissal of a petition for writ of habeas corpus the superior court properly treated as Ramirez's third successive petition for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32.3.  Ramirez argues the trial court erred when it denied Ramirez's requests to expand the record on appeal; that he did not receive all of the discovery he should have received from his counsel and/or the State; and that there was an insufficient factual basis to support his plea.

**¶2**         We deny relief.  First, Ramirez did not raise these issues in the petition at issue below.  A petition for review may not present issues not first presented to the trial court.  *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577-78, 821 P.2d 236, 238-39 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii); *see also State v. Swoopes*, 216 Ariz. 390, 403, ¶ 41, 166 P.3d 945, 958 (App. 2007); *State v. Smith*, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996) (both holding there is no review for fundamental error in a post-conviction relief proceeding).  Second, Ramirez has raised and/or could have raised these issues in prior post-conviction relief proceedings.  Any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded.  Ariz. R. Crim. P. 32.2(a).  None of the exceptions under Rule 32.2(b) apply.

**¶3**         We grant review but deny relief.

