NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BRADLEY JON KING, *Petitioner*.

No. 1 CA-CR 15-0018 PRPC
FILED 3-14-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2010-159617-003
The Honorable Daniel G. Martin, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Bradley Jon King, Kingman
*Petitioner*

_____

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Maurice Portley[1] joined.

_____

**B R O W N,** Chief Judge:

**¶1**        Bradley Jon King petitions for review of the dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**        A jury convicted King of burglary in the third degree, theft, and possession of burglary tools.  The superior court imposed concurrent prison terms, the longest being 11.25 years on the conviction for theft.  On appeal, this court affirmed the conviction and sentence for theft, but reversed the convictions on the other two counts for insufficient evidence. *State v. King*, 1 CA-CR 12-0267, 2013 WL 15887675 (Ariz. App. Oct. 31, 2013) (mem. decision).

**¶3**        King thereafter commenced a proceeding for post-conviction relief.  After his appointed counsel notified the superior court that counsel was unable to find any colorable claims for relief, King filed a pro se petition for post-conviction relief, alleging a claim of ineffective assistance of counsel during plea negotiations.  Specifically, King asserted that his counsel failed to properly advise him regarding several plea offers made by the State and wrongly urged him to reject them to his detriment.  The court summarily dismissed the petition, ruling King failed to establish a colorable claim for relief.  This petition for review followed.

**¶4**        On review, King abandons the claim raised in his petition for post-conviction relief that his counsel provided improper advice regarding the plea offers and instead argues the superior court erred in failing to find that his counsel was ineffective for not informing him of the existence of the first two offers.  In support of this argument, King includes in the appendix to his petition for review an "amended affidavit" prepared after the court dismissed his petition for post-conviction relief.  Contrary to the allegations

_____

[1]        The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

in his petition for post-conviction relief, King states in this affidavit that he was never informed by his counsel of the first two plea offers.  We do not address this claim, however, because King did not present it to the superior court.  *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *see also* Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring petition for review to contain "issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *State v. Smith*, 184 Ariz. 456, 459 (1996) (holding no review for fundamental error in a post-conviction relief proceeding).

¶5        Accordingly, although we grant review, we deny relief.

