NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANTHONY JACKSON, *Petitioner*.

No. 1 CA-CR 15-0673 PRPC
FILED 5-16-17

Petition for Review from the Superior Court in Mohave County
No. CR 00-0796
The Honorable Richard Weiss, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Respondent*

Anthony Jackson
*Petitioner*

MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

B E E N E, Judge:

¶1 Anthony Jackson petitions for review of the dismissal of his fifth petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

¶2 In 2001, Jackson pleaded guilty to second-degree murder and was sentenced to an aggravated eighteen-year prison term. In September 2015, Jackson commenced his fifth proceeding for post-conviction relief, alleging that the decision in *Alleyne v. U.S.*, 133 S. Ct. 2151 (2013), constitutes a significant change in the law entitling him to relief from his sentence. The trial court summarily dismissed the petition, ruling *Alleyne* had no applicability to Jackson's sentence. This petition for review followed.

¶3 On review, Jackson argues the trial court erred in not granting relief from his sentence. We review a trial court's ruling on a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006). A defendant is entitled to relief based on a significant change in the law only "if determined to apply to defendant's case." Ariz. R. Crim. P. 32.1(g).

¶4 There was no error by the trial court in summarily dismissing the petition. In *Alleyne*, the United States Supreme Court held that a fact increasing the mandatory minimum penalty for an offense must be found by the jury. 133 S. Ct. at 2158. But as the trial court noted in denying relief, Jackson's sentence did not involve an increased mandatory minimum. Thus, the trial court correctly ruled Jackson was not entitled to relief because the change in the law announced in *Alleyne* did not apply to his case.

¶5 Jackson also includes in the petition for review a claim that his constitutional right to effective assistance of counsel was violated. We do not address this claim because Jackson did not raise this issue below. A

petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980); *see also* Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring petition for review to contain "issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *State v. Smith*, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996) (holding no review for fundamental error in a post-conviction relief proceeding).

¶6            Accordingly, although we grant review, we deny relief.

