NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

SAUL BELTRAN OJEDA, *Petitioner.*

No. 1 CA-CR 16-0002 PRPC
FILED 6-20-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2010-005932-001
The Honorable Susanna C. Pineda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Saul Beltran Ojeda, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

**D O W N I E**, Judge:

¶1        Saul Beltran Ojeda petitions for review of the summary dismissal of his petition for post-conviction relief. We grant review but deny relief.

¶2        Ojeda was convicted of two counts of first degree murder and two counts of kidnapping. The trial court imposed concurrent natural life sentences for the murder convictions and concurrent 12.5-year prison terms for the kidnapping convictions, with the kidnapping sentences to run consecutive to the life sentences for murder. This Court affirmed Ojeda's convictions on direct appeal. *State v. Ojeda*, 1 CA-CR 13-0409, 2014 WL 2801803 (Ariz. App. Jun. 17, 2014) (mem. decision).

¶3        Ojeda commenced a timely proceeding for post-conviction relief. After his appointed counsel notified the trial court that counsel could find no basis for post-conviction relief, Ojeda filed a *pro se* petition for post-conviction relief, asserting claims of ineffective assistance of trial and appellate counsel, insufficiency of the evidence, illegal sentence, juror misconduct, and negligence by law enforcement in investigating the case.

¶4        In summarily dismissing Ojeda's petition, the trial court concluded that all claims other than ineffective assistance of counsel were precluded due to the failure to raise them on appeal, *see* Ariz. R. Crim. P. 32.2(a)(3), and that the ineffective assistance of counsel allegations were conclusory and lacked any factual showing of deficient performance or prejudice. This petition for review followed.

¶5        We review a trial court's denial of post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). On review, Ojeda identifies the same issues listed in his original petition for post-conviction relief, attaches a copy of his amended petition for post-conviction relief, and asks this Court to re-examine his case without offering any specifics regarding how the trial court purportedly erred. We do not, however, perform an independent review for fundamental error in post-conviction relief proceedings. *State v. Smith*, 184 Ariz. 456, 460 (1996).

¶6        In dismissing the petition, the trial court issued a ruling that clearly identified, fully addressed, and correctly resolved the claims Ojeda raised. The court did so in a thorough, well-reasoned manner that will permit any future court to understand its rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v.*

*Whipple*, 177 Ariz. 272, 274 (App. 1993).  We instead adopt the trial court's ruling.

## CONCLUSION

¶7        For the reasons stated, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA