NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

RODRICK LYNN JOHNSON, *Petitioner.*

No. 1 CA-CR 16-0006 PRPC
FILED 7-6-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2011-114400-002
The Honorable Pamela Hearn Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By David R. Cole
*Counsel for Respondent*

Rodrick Lynn Johnson, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Patricia K. Norris and Judge Jennifer B. Campbell joined.

**J O H N S E N**, Judge:

**¶1**          Rodrick Lynn Johnson petitions for review of the summary dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**          A jury convicted Johnson of possession of dangerous drugs for sale, possession of narcotic drugs for sale and possession of marijuana. The superior court sentenced him as a repetitive offender to concurrent prison terms, the longest of which was 18 years. This court affirmed the convictions and sentences on appeal. *State v. Johnson*, 1 CA-CR 13-0571 (Ariz. App. Nov. 20, 2014) (mem. decision).

**¶3**          Johnson thereafter filed a timely petition for post-conviction relief, raising claims of insufficient evidence, ineffective assistance of counsel, disclosure violations and actual innocence. The superior court summarily dismissed the petition, ruling that the claims of insufficient evidence and disclosure violations were precluded and that Johnson failed to state a colorable claim of ineffective assistance of counsel or actual innocence. This petition for review followed.

**¶4**          On review, Johnson argues the superior court erred in denying relief on his claim of actual innocence. He also argues he was erroneously deprived of his right to a 12-person jury and requests that this court review his case for fundamental error. We review a superior court's denial of post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

**¶5**          The superior court did not abuse its discretion in summarily dismissing the petition for post-conviction relief. The court issued a ruling that clearly identified, fully addressed and correctly resolved all the claims Johnson raised. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). We therefore adopt the trial court's ruling.

**¶6**          We need not address the claim raised by Johnson in his petition for review with respect to the size of the jury because he did not raise this issue below. A petition for review may not raise issues not first presented to the superior court. *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *see also* Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring petition for review to

contain "issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"). In any event, contrary to Johnson's argument, the trial transcript reflects that 12 persons were seated on his jury.

¶7        We further decline Johnson's request to engage in fundamental error review of his case. There is no fundamental error review in a post-conviction relief proceeding. *State v. Smith*, 184 Ariz. 456, 460 (1996).

¶8        For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA