NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BILL CLARK FLAKE, *Petitioner*.

No. 1 CA-CR 15-0634 PRPC
FILED 7-6-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2008-030778-001
The Honorable Steven P. Lynch, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Robert J. Campos & Associates, PLC, Phoenix
By Robert J. Campos
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia K. Norris and Chief Judge Michael J. Brown joined.

---

**J O H N S E N**, Judge:

**¶1**        Bill Clark Flake petitions for review of the partial denial of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**        A jury convicted Flake of five counts of sexual conduct with a minor and one count of sexual abuse.  The superior court imposed consecutive prison terms totaling 55 years on three of the counts and placed Flake on lifetime probation on the other three counts.  On appeal, this court affirmed the convictions, the sentences and the imposition of probation. *State v. Flake*, 1 CA-CR 08-0859 (Ariz. App. Jun. 29, 2010) (mem. decision).

**¶3**        Flake filed a timely petition for post-conviction relief, raising claims of ineffective assistance of counsel and seeking a new trial and sentencing.  The superior court granted an evidentiary hearing.  Following the hearing, the court ruled Flake had failed to prove he was prejudiced by his counsel's alleged inadequate pretrial investigation and accordingly denied Johnson's request for a new trial.  The court, however, also ruled Flake had established that his counsel had provided ineffective assistance by failing to obtain a risk assessment for mitigation purposes and that his counsel's deficient performance had prejudiced Flake at sentencing.  Upon re-sentencing, the superior court imposed consecutive mitigated prison terms totaling 45 years on three of the counts and again placed Flake on lifetime probation on the other three counts.  This petition for review followed.

**¶4**        On review, Flake argues the superior court erred in not granting relief on his claims of ineffective assistance of counsel at trial.  To obtain relief on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prove prejudice, a defendant must establish "that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

¶5         We review a ruling on a petition for post-conviction relief for abuse of discretion.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).  When the superior court finds a claim to be colorable and conducts an evidentiary hearing, the defendant has the burden of proving all factual allegations by a preponderance of the evidence.  Ariz. R. Crim. P. 32.8(c).  After an evidentiary hearing, our review of the superior court's factual findings "is limited to a determination of whether those findings are clearly erroneous." *State v. Sasak*, 178 Ariz. 182, 186 (App. 1993).  When "the trial court's ruling is based on substantial evidence, this court will affirm."  *Id.*

¶6         The superior court judge who ruled on the petition for post-conviction relief was the same judge who presided at Flake's trial.  Having seen all the evidence and witnesses at trial, this judge was in the best position to determine whether there is a reasonable probability that, but for counsel's deficient performance, the outcome of the trial would have been different.  *See Strickland*, 466 U.S. at 695 (in determining prejudice, court "must consider the totality of the evidence before the judge or jury").  Before ruling on Flake's petition for post-conviction relief, the judge read the original trial transcripts, reviewed the exhibits and heard Flake's trial counsel's explanation of how he approached Flake's trial.

¶7         In his petition for post-conviction relief, Flake argued his counsel was ineffective by failing to interview the State's witnesses before trial about allegations that the victims had given inconsistent stories and had accused other family members of similar acts of molestation.   He argued the trial outcome would have been different if his counsel had cross-examined the witnesses about those matters.  In reviewing his claim, the superior court concluded that "the prevailing trial preparation standard would mandate that pretrial witness interviews are completed by trial defense counsel."  But the court found that, because Flake's counsel had "poked significant holes in witnesses' testimony" during the trial, the outcome would not have been different if counsel had done the investigation Flake argued should have performed.

¶8         Given all the evidence before the jury, including videotapes of Flake admitting he had sexual contact with the victims, the record supports the superior court's finding that Flake failed to demonstrate the requisite prejudice to entitle him to a new trial, *i.e.*, a reasonable probability of a different outcome.

¶9        Flake also argues in his petition for review that the superior court erred in ordering resentencing instead of requiring the State to renew a pretrial plea offer.  We do not address this claim because Flake did not raise this issue in his petition for post-conviction relief.  Flake first raised his claim for reinstatement of the State's plea offer in a sentencing memorandum he filed three months after the superior court's ruling on the petition for post-conviction relief.  A petition for review of Rule 32 proceedings may not present issues that were not timely raised in the petition for post-conviction relief.  *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *see also* Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring petition for review to contain "issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *State v. Smith*, 184 Ariz. 456, 459 (1996) (holding no review for fundamental error in a post-conviction relief proceeding).

¶10       Accordingly, although we grant review we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA