NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ISRAEL ANTONIO ROJO, *Petitioner*.

No. 1 CA-CR 15-0761 PRPC
FILED 7-25-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2013-002332-002
The Honorable David B. Gass, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

Israel Antonio Rojo, Douglas
*Petitioner*

---

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**T H O M P S O N**, Judge:

¶1        Petitioner Israel Antonio Rojo seeks review of the trial court's dismissal of the underlying petition for post-conviction relief.[1] "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007). We have considered the petition for review and find that Rojo has not sustained his burden of establishing such abuse here. Therefore, we grant review but deny relief.

¶2        Rojo was indicted on one count of sale or transportation of a dangerous drug (methamphetamine, over threshold amount) and possession of drug paraphernalia. The state proceeded to allege: (1) three historical priors; (2) a felony committed while on release/enhanced sentencing pursuant to Arizona Revised Statute (A.R.S.) § 13-708(D); (3) multiple offenses not committed on the same occasion pursuant to A.R.S. §§ 13-703 to -704; (4) aggravating circumstances other than prior convictions; and (5) Rojo's ineligibility for mandatory probation. Rojo pled guilty to sale or transportation of a dangerous drug as a non-dangerous and non-repetitive offense. The superior court subsequently sentenced Rojo, per the plea agreement, to the slightly aggravated sentence of twelve calendar years' (flat time) imprisonment and awarded pre-incarceration credit.

---

[1]   Rojo filed a timely notice of for post-conviction relief in the instant Maricopa County case CR2013-002332-002 DT and his Maricopa County companion case CR2012-143021-002 DT, in which a jury convicted Rojo of the alleged offenses. Rojo filed a direct appeal in case CR2012-143021-002, and the superior court erroneously dismissed the notice of post-conviction relief as to both cases, pending the conclusion of the direct appeal. The court recognized the error, vacated the minute entry and set a filing deadline for a petition on Rojo's 2013 case.

¶3            Rojo's "of right" petition for post-conviction relief raised two claims.  First, that his sentence was improperly aggravated and next, that his trial counsel was ineffective because counsel failed to advise him of and explain the plea's stipulation to a twelve-year flat time sentence.  The trial court dismissed the petition for post-conviction relief in an order that clearly identified and correctly ruled upon the issues raised.

¶4            On review, Rojo raises three issues: (1) that the court committed fundamental error when it sentenced Rojo to an aggravated prison term without the aggravating factors being properly determined by the court; (2) that counsel was ineffective in his representation of Rojo because he failed to advise Rojo as to his right to a mitigation and aggravation hearing; and (3) that the trial court erred in failing to hold an aggravation and mitigation hearing.

¶5            There is no fundamental error review in a post-conviction relief proceeding.  *State v. Smith*, 184 Ariz. 456, 460, 910 P.2d 1, 5 (1996).  Whether to grant or deny post-conviction relief pursuant to Rule 32 is within the trial court's discretion; we will not reverse the trial court's decision absent an abuse of discretion.  *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). The record establishes that the court did specifically find aggravating circumstances in support of the slightly aggravated sentence.  The trial court discussed and found that Rojo was on misdemeanor probation, that Rojo had a criminal history that was not used to enhance his sentence by making the offense to which he pled a repetitive offense, and the court found that Rojo was on release from the concurrent 2012 case when Rojo committed sale or transportation of a dangerous drug. The court was bound by the statutory sentencing guidelines and explained this to Rojo, in great detail, at the settlement conference.  Rojo has failed to demonstrate that the trial court abused its discretion by imposing a slightly aggravated sentence.

¶6            Rojo's claim of ineffective assistance of counsel on review differs from the claim raised in his petition for post-conviction relief. Below, Rojo alleged that trial counsel failed to explain the merits of the plea agreement and on review, Rojo claims that trial counsel was ineffective for failing to advise Rojo of his right to an aggravation and mitigation hearing. Rojo's third claim, that the trial court erred in failing to conduct a hearing to establish and determine the aggravating and mitigating factors, is also a new issue which was not previously raised below.  A petition for review may not present issues not first presented to the trial court.  *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577-78,

821 P.2d 236, 238-39 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). *See also Swoopes*, 216 Ariz. at 403, ¶ 41, 166 P.3d at 958; *Smith*, 184 Ariz. at 459, 910 P.2d at 4. The reviewing court will not consider meritorious issues not first presented to the trial court. *Wagstaff*, 161 Ariz. at 71, 775 P.2d at 1135. Further, "compliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11, 115 P.3d 1261, 1263 (2005). A petitioner must "strictly comply" with Arizona Rule of Criminal Procedure 32 to be entitled to relief. *Id*. A petition must state "the issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review." Ariz. R. Crim. P. 32.9(c)(1)(ii). Rojo's petition for review does not comply because it raises new arguments.

¶7        Rojo not only fails to meet his burden to sustain a colorable claim for which this court may grant relief, but his petition for review also fails to comply with Rule 32 and therefore, he is not entitled to relief on two of the issues presented.

¶8        For the reasons stated, we grant review but deny relief.

