NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

ABO OBAIDA HUSSEIN, *Petitioner*.

No. 1 CA-CR 16-0185 PRPC
FILED 8-10-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2003-006790-001 DT
The Honorable Andrew G. Klein, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Abo Obaida Hussein, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Chief Judge Samuel A. Thumma joined.

---

**D O W N I E**, Judge:

**¶1**         Abo Obaida Hussein petitions for review from the superior court's dismissal of his notice of post-conviction relief. We grant review but deny relief.

**¶2**         A jury found Hussein guilty of four counts of sexual conduct with a minor — all class 2 felonies and dangerous crimes against children. As to each count, the superior court imposed mitigated 13-year prison terms to be served consecutively. On direct appeal, this Court affirmed Hussein's convictions and sentences, and the mandate issued on March 5, 2008.

**¶3**         On February 13, 2014, Hussein filed an untimely notice of post-conviction relief in the superior court. *See* Ariz. R. Crim. P. 32.4(a). In his notice, Hussein asserted claims of ineffective assistance of counsel and newly discovered evidence. The superior court summarily dismissed the notice. Approximately two months later, Hussein again unsuccessfully sought post-conviction relief. He thereafter filed a combined notice of, and petition for, post-conviction relief on October 22, 2015, raising claims of newly discovered evidence, unconstitutional identification evidence, unconstitutional suppression of evidence, perjured testimony, and violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. The superior court summarily dismissed the notice, and this petition for review followed. We review the superior court's dismissal order for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

**¶4**         Although Hussein's arguments are difficult to discern, he alludes to being denied access to the courts, newly discovered evidence, perjured testimony, a *Brady*[1] violation, ineffective assistance of trial and appellate counsel, denial of the right to counsel, prosecutorial and judicial

---

[1]         *Brady v. Maryland*, 373 U.S. 83 (1963).

vindictiveness, insufficiency of the evidence, and unlawful convictions. Hussein also appears to suggest that this Court must review the record for fundamental error.

**¶5** In Hussein's direct appeal, this Court reviewed the record for fundamental error and found none. Fundamental error review is not conducted in a post-conviction relief proceeding. *State v. Smith*, 184 Ariz. 456, 460 (1996). Furthermore, we adopt the superior court's ruling dismissing Hussein's third untimely and successive notice of post-conviction relief. The court dismissed that notice in an order that clearly identified and correctly resolved the issues raised. The superior court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "No useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). Accordingly, we grant review but deny relief.[2]



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[2] To the extent Hussein's petition for review raises issues not presented to the superior court, we do not address them. *See State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988) (appellate court will not consider even meritorious issues that were not first presented to the trial court).