NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DENNIS EUGENE KITTRELL, *Petitioner*.

No. 1 CA-CR 19-0316 PRPC

FILED 4-21-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2014-114623-001
The Honorable Rosa Mroz, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Dennis Eugene Kittrell, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop, Judge Maria Elena Cruz, and Judge David B. Gass delivered the decision of the Court.

**PER CURIAM**:

¶1          Dennis Eugene Kittrell (Kittrell) petitions this court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure Rule 33.[1] This court considered the petition for review and for the reasons stated grants review and denies relief.

¶2          In 2016, Kittrell pled guilty to sexual conduct with a minor and no contest to two counts of attempted molestation of a child, all dangerous crimes against children (DCAC). The superior court imposed a presumptive 20-year prison term for the sexual conduct conviction to be followed by lifetime probation for the attempted molestation convictions.

¶3          Kittrell timely pursued post-conviction relief, claiming the following: (1) he unknowingly waived his right to a jury determining whether the offenses were DCAC; (2) the State failed to disclose DNA and drug test results; (3) an insufficient factual basis supported one of the attempted molestation convictions; and (4) improper aggravating factors. The superior court summarily denied relief.

¶4          On review, Kittrell asserts counsel's representation was deficient, the State "deleted critical evidence" regarding aggravating factors, and the prosecutor committed misconduct. Kittrell also raises a claim of judicial bias, and without elaboration, he mentions a "constitutional right that was not recognized as existing at [the] time of sentencing."

¶5          This court declines to address Kittrell's claims substantively. His cursory assertions are vague and unsupported by citations to authority and the record. He offers no argument explaining how the

---

[1]          Effective January 1, 2020, our supreme court amended the post-conviction relief rules. *See* Order Abrogating Current Rule 32 of the Arizona Rules of Criminal Procedure and Adopting New Rule 32 and Rule 33 and Related Provisions, Arizona Court Order No. R-19-0012 (Adopted Aug. 29, 2019). The rules relating to defendants who plead guilty is now codified in Rule 33. The amended rules apply to all cases pending on the effective date unless a court determines "applying the rule or amendment would be infeasible or work an injustice." *Id.* at 2. Because there were no substantive changes to the respective rules related to this opinion, this court cites to and applies the current rules.

superior court purportedly abused its discretion in dismissing his petition for post-conviction relief. *See* Ariz. R. Crim. P. 33.16(c)(2); *State v. Donald,* 198 Ariz. 406, 414, ¶ 21 (App. 2000) (to warrant evidentiary hearing, Rule 32 claims "must consist of more than conclusory assertions"). More importantly, to the extent Kittrell failed to raise these claims in the superior court, he cannot do so for the first time in a petition for review. *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (raising issues for the first time in motion for rehearing is improper). Finally, this court declines Kittrell's invitation to review the record for fundamental error. *State v. Smith*, 184 Ariz. 456, 460 (1996) (no fundamental error review in a post-conviction relief proceeding); *State v. Carriger*, 143 Ariz. 142, 146 (1984) ("It is the petitioner's burden to assert grounds that bring him within the provisions of the Rule in order to obtain relief.").

¶6        This court, therefore, grants review and denies relief.



AMY M. WOOD • Clerk of the Court
FILED: AA